**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

MARK FLEMING PLAINTIFF

v. 3:26-cv-00038-LPR-JJV

FRANK BISIGNANO,
Commissioner,
Social Security Administration, DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Lee P. Rudofsky. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

## RECOMMENDED DISPOSITION

Mark Fleming has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits and supplemental security income. The Administrative Law Judge (ALJ) concluded he had not been under a disability within the meaning of the Social Security Act, because jobs existed in significant numbers he could perform despite his impairments. (Tr. 16-28.)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d

185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff is fifty-three years old. (Tr. 38.) He went as far as the tenth grade in school (*id.*) and has past relevant work as a funeral attendant. (Tr. 26.)

The ALJ[1] first found Mr. Fleming was eligible to apply for disability insurance benefits and had not engaged in substantial gainful activity since March 28, 2023 – the alleged onset date. (Tr. 19.) He has "severe" impairments in the form of degenerative disc disease of the cervical and lumbar spine; diabetes mellitus; peripheral neuropathy; and obesity. (*Id.*) The ALJ further found

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

Plaintiff did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 20.)

The ALJ determined Mr. Fleming maintained the residual functional capacity (RFC) to perform a reduced range of light work. (*Id.*) Because Plaintiff's past work exceeded his RFC, the ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite his impairments. (Tr. 52-56.) Based in part on the testimony of the vocational expert, the ALJ determined he could perform the jobs of office helper, non-postal mail clerk, and router - despite his limitations. (Tr. 27.) Accordingly, the ALJ determined Mr. Fleming was not disabled. (Tr. 28.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 4-12.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of his Complaint, Mr. Fleming argues that the ALJ's RFC assessment was flawed. (Doc. No. 8 at 8-18.) Plaintiff says:

> The record contains three materially different functional assessments. First, Dr. Holder, the consultative examiner, found moderate to severe limitations in bending, standing, walking, lifting, carrying, balancing, climbing, using foot controls, and grasping. (Tr. at 651). Those limitations were grounded in objective findings that included reduced strength in all extremities, abnormal gait, limited spinal and shoulder motion, inability to heel-toe walk, inability to squat and rise, and reduced grip strength. (Tr. at 649-53).
>
> Second, Dr. Murphy reached a significantly less restrictive conclusion. Though Dr. Murphy accepted Dr. Holder's opinion by explicitly stating that it was consistent with the RFC findings and summarizing his opinion, including the moderate to severe grasping limits – Dr. Murphy found that Plaintiff could perform light work, could stand or walk about six hours in an eight hour workday, and had no manipulative limitations at all. (Tr. at 69-72).
> Third, Dr. Bates assessed a different and more restrictive RFC. Although she also accepted Dr. Holder's opinion by explicitly stating that it was consistent with the

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

> RFC findings and summarizing his opinion, including the moderate to severe grasping limits – Dr. Bates limited Plaintiff to four hours of standing or walking in an eight hour workday, restricted certain postural activities to occasional, (climbing ramps and stairs), and added a manipulative limitation of occasional overhead reaching bilaterally. (Tr. at 87-88). These are not minor differences. They concern the core work functions that determine whether Plaintiff can sustain light work at all: standing, walking, postural activity, and upper extremity use. These materially different functional assessments were not reconciled by ALJ Sharp in his RFC assessment.

(*Id.*at 10-11.)

The Commissioner responds that:

> Plaintiff argues that the medical opinion and both prior administrative medical findings were materially inconsistent with one another, and the ALJ erred by finding each one partially persuasive and incorporating portions of each into his ultimate RFC finding (Pl. Br. 9-12). From this, he further alleges that the ALJ erred because the ultimate RFC he did adopt did not mirror any particular opinion or prior administrative medical finding, rendering it unsupported by substantial evidence (Pl. Br. 12-14). Neither argument is convincing.
> . . .
> The ALJ did not err by incorporating portions of various partially persuasive opinions into his extensive analysis of the relevant medical evidence and fashioning an RFC that he determined – as the ultimate finder of fact – most accurately represented the most Plaintiff could do in an eight-hour workday.

(Doc. No. 12 at 9-10.)

I find the Commissioner's argument to be persuasive. After careful review, I find the ALJ thoroughly evaluated the opinions of these three doctors and provided a well supported basis for deciding what evidence to find persuasive. Evaluation of this evidence falls fully in the purview of the ALJ.

While I find this case to be a close call, it is the ALJ who – as the Commissioner puts it – is the ultimate finder of fact. And Plaintiff misses the most important point about these doctors' opinions. None of them believed Mr. Fleming was incapable of performing light work activities. State agency doctors, Ken Murphy, M.D., (Tr. 69-71), and Ramona Bates, M.D., (Tr. 85-89), provide substantial evidence supporting the ALJ's RFC assessment.

Given the substantial evidence test, I find the ALJ carefully considered the record and made a supported determination that Plaintiff is not disabled. In coming to this conclusion, the ALJ considered the medical records and the opinions from numerous medical professionals. And in his opinion, the ALJ fairly set out the rationale for his conclusions.

While I do not doubt that Plaintiff experiences pain and limitation from his back and neck impairments, I find the ALJ's decision is supported by substantial evidence. Plaintiff underwent numerous diagnostic tests, and those tests were considered by Drs. Murphy and Bates who both concluded Plaintiff was capable of light work. (Tr. 403, 456-457, 477-480, 586-590, 608-613.) Additionally, the more recent examinations of Plaintiff revealed nothing disabling. (Tr. 665, 668-669, 732-733, 742, 750, 759, 771, 773.) Accordingly, I find no reversible error here.

Plaintiff has made other arguments – including Plaintiff's claim about manipulative limitations - that I have considered and find to be without merit. There is substantial evidence to support the Commissioner's decision. Plaintiff had the burden of proving his disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, he bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has simply not met that burden. The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Plaintiff's counsel has done an admirable job advocating for his rights here. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports

the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 5th day of August 2026.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE